Devin A. Donohue, SBN 190030
Angelina E. Chew, SBN 244634
E-Mail: achew@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071
Tel.:  (213) 688-0430
Fax:  (213) 688-0440

Joshua S. Bratspies, Esq. (*Pro Hac Vice Application Pending*)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, NJ 07932
(973) 302-9700 (phone)
(973) 845-2546 (fax)
jbratspies@shermanwells.com

Attorneys for Plaintiffs UBS Financial Services Inc. and UBS Bank USA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UBS FINANCIAL SERVICES INC. and UBS BANK USA,<br><br>           Plaintiffs,<br><br> vs.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF TREASURY and INTERNAL REVENUE SERVICE,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR WRONGFUL LEVY**<br><br>**(28 U.S.C. § 1331)**<br>**(28 U.S.C. § 1346)**<br>**(26 U.S.C. § 7426)**<br>**(26 U.S.C. § 6532(c)(1))** |

# COMPLAINT FOR WRONGFUL LEVY

Plaintiffs UBS Financial Services Inc. and UBS Bank USA (collectively, "UBS"), by way of Complaint against defendants United States of America, United States Department of Treasury and Internal Revenue Service (collectively, "United States"), allege and seek relief as follows:

## INTRODUCTION

1. The United States, by and through the Internal Revenue Service ("IRS"), has issued a Notice of Levy to UBS for outstanding taxes in the amount of $60,629.44 that are allegedly owed by Lawrence Brezner (the "Taxpayer").

2. Pursuant to the Notice of Levy, and without waiving any of its rights, UBS has restricted a brokerage account maintained by a trust for which the Taxpayer is designated as the trustee and which had a fair market value of $48,659.32 as of July 31, 2015.

3. UBS, however, has a perfected, first priority security interest and lien of $43,728.94 (as of July 31, 2015) in the assets in the trust account as a result of an outstanding loan that UBS extended to the trust at issue.

4. UBS has advised the IRS of its senior security interest and lien in the trust account. To date, however, the IRS has neither recognized the seniority of UBS's lien nor issued a release of levy to UBS in this matter.

5. Accordingly, UBS now brings this wrongful levy action pursuant to 26 U.S.C. §7426 for a declaration that the United States has wrongfully levied upon the $43,728.94 (as of July 31, 2015) in UBS trust account assets that are subject to UBS's first priority security interest and lien.

## THE PARTIES

6. UBS Financial Services Inc. ("UBS Financial Services") is a brokerage firm incorporated in Delaware with a principal place of business in Weehawken, New Jersey.

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

7. UBS Bank USA ("UBS Bank") is a federally regulated, Utah industrial bank based in Salt Lake City, Utah that, among other things, provides credit and loans to certain customers of UBS Financial Services.

8. The United States, by and through the IRS, conducts business and maintains offices throughout the country, including, but not limited to, the IRS office located at 300 N. Los Angeles Street, Los Angeles, California 90012.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1346, 26 U.S.C. §7426 and/or 26 U.S.C. §6532(c)(1).

10. Venue properly lies in this Court pursuant to 28 U.S.C. §1402 because, at the time of the levy at issue, the property levied upon was situated in the federal district in which this Court resides.

## UBS BANK EXTENDS A LOAN TO THE TRUST

11. On or about November 29, 2012, the Lawrence Brezner Living Trust under agreement dated December 8, 1997 (the "Trust") entered into a Credit Line Agreement with UBS Bank. A true and accurate copy of the Credit Line Agreement (which has been redacted with regard to account numbers, tax identification numbers and other personal identifiers) is attached hereto as Exhibit A.

12. Under the terms of the Credit Line Agreement, the Trust borrowed money from UBS Bank at certain times and in certain amounts that the Trust requested and that UBS Bank approved (the "Loan").

13. To secure repayment of the Loan, the Trust granted UBS Bank a first priority lien and security interest in, among other things, all of the assets in any and all brokerage accounts that the Trust maintains at UBS Financial Services (see, inter alia, Credit Line Agreement, at ¶8), which includes Account No. Y6 XXX09 (the "UBS Collateral Account") for which the Taxpayer is designated as the trustee.

14. UBS Bank perfected its first priority lien by virtue of its control over the UBS Collateral Account, as provided for in the Credit Line Agreement and the

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

Master Account Control Agreement between UBS Bank and UBS Financial Services. (See Credit Line Agreement, at ¶9.) A true and correct copy of the Master Account Control Agreement is attached hereto as Exhibit B.

15. As of July 31, 2015, the Loan had an outstanding balance of $43,728.94 that is due and owing to UBS Bank. This outstanding Loan balance is set forth in the Trust's Loan Account statement for July 2015, a true and correct copy of which (which has been redacted with regard to the account number) is attached hereto as Exhibit C.

16. Interest and other fees, including attorneys' fees and collection costs, continue to accrue on the Loan as set forth in the Credit Line Agreement.

## THE IRS NOTICE OF LEVY

17. In January 2015, the IRS issued to UBS Financial Services a Notice of Levy, dated January 7, 2015, for outstanding taxes in the amount of $60,629.44 that are allegedly owed by the Taxpayer. A true and accurate copy of the Notice of Levy (which has been redacted with regard to the Taxpayer's social security number) is attached hereto as Exhibit D.

18. Pursuant to the Notice of Levy, and without waiving any of its rights, UBS has restricted the UBS Collateral Account for which the Taxpayer is designated as the trustee. The UBS Collateral Account is maintained at UBS's branch office located at 2000 Avenue of the Stars, 7th Floor North, Los Angeles, California 90067-4700. The UBS Collateral Account had a fair market value of $48,659.32 as of July 31, 2015. This fair market value is set forth in the UBS Collateral Account statement for July 2015, a true and correct copy of which (which has been redacted with regard to the account number) is attached hereto as Exhibit E.

19. UBS subsequently advised the IRS that the $43,728.94 in UBS Collateral Account funds had been wrongfully levied upon because such funds were subject to UBS Bank's perfected, first priority security interest and lien.

20. In response, the IRS, through an agent in its collection department, Ms. Johnson (badge identification number 1000891802), advised that UBS does not need to turn over any UBS Collateral Account funds pursuant to the Notice of Levy because the IRS is pursuing "alternative methods" to collect the Taxpayer's alleged tax obligations.

21. Notwithstanding the foregoing, the IRS, to date, has neither recognized the seniority of UBS's lien in the UBS Collateral Account nor issued a release of levy to UBS in this matter.

22. It is also unclear whether the IRS is even contending that its Notice of Levy, which relates to the Taxpayer, applies to the UBS Collateral Account, which is held by the Trust.

## COUNT I

## WRONGFUL LEVY UNDER 26 U.S.C. §7426

23. UBS repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

24. The wrongful levy statute, 26 U.S.C. §7426, affords a remedy to innocent third parties whose property is confiscated by the IRS to satisfy another person's tax liability.

25. The statute provides that, if the person against whom the levy is issued claims "an interest in or lien" on the levied property and believes that "such property was wrongfully levied," that person may bring a civil wrongful levy action against the United States in the District Court of the United States. The statue also states that "such action may be brought without regard to whether such property has been surrendered to or sold by the [IRS]."

26. Further, the Department of Treasury has expressly recognized that a levy is "wrongful" where, as here, it effectively destroys a lienholder's superior interest. See 26 CFR §301.7426-1.

27. Indeed, "a secured creditor who obtains a perfected security interest before the Government's lien attaches has priority over the Government, and its security interest will prevail in a wrongful levy suit." Virgin Islands Bureau of Internal Revenue v. Chase Manhatttan Bank, 312 F.3d 131, 138 (3d Cir. 2002).

28. Here, UBS Bank's prior, perfected, first priority lien and security interest in the UBS Collateral Account funds is senior to and has priority over the IRS's claim to such funds. In fact, UBS Bank's security interest and lien has "superpriority" over any federal tax lien pursuant to 26 U.S.C. §6323(b). See IRS Chief Counsel Advice Memorandum, Section 6323 – Validity and Priority Against Certain Persons, dated March 18, 2013, (under IRS Revenue Ruling 2006-42, the IRS "will generally release a levy once a bank establishes its superpriority interest."), a true and accurate copy of which is attached hereto as Exhibit F.

29. In light of the foregoing, the $43,728.94 in UBS Collateral Account funds that have been restrained pursuant to the Notice of Levy belong to UBS Bank and cannot be used to satisfy the Taxpayers' alleged tax obligations.

**WHEREFORE**, UBS requests entry of a Judgment in its favor and against the United States as follows:

(a) Declaring and adjudging pursuant to 26 U.S.C. §7426 that the United States has wrongfully levied upon $43,728.94 in UBS Collateral Account funds that have been restrained pursuant to the Notice of Levy;

(b) Authorizing UBS to immediately release the restraints that have been placed on $43,728.94 in UBS Collateral Account funds pursuant to the Notice of Levy and permitting UBS Bank to immediately take, use and apply $43,728.94 in UBS Collateral Account funds, plus interest as provided for in 26 U.S.C. §7426, to satisfy the outstanding balance of the Loans that is due and owing to UBS Bank;

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

(c) Declaring and adjudging whether the IRS's Notice of Levy attaches to any assets that may remain in the UBS Collateral Account after satisfying in full the outstanding balance of the Loans that is due and owing to UBS Bank;

(d) Awarding UBS its costs of suit, including attorneys' fees; and

(e) For such other and further relief as the Court deems just and equitable.

DATED: August 27, 2015    Respectfully submitted,


By /s/ Angelina E. Chew
Devin A. Donohue, Esq.
Angelina E. Chew, Esq.
PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071
(213) 688-0430 (phone)
(213) 688-0440 (fax)
achew@pldlawyers.com

Of Counsel:
Joshua S. Bratspies, Esq.
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, NJ 07932
(973) 302-9700 (phone)
(973) 845-2546 (fax)
jbratspies@shermanwells.com
(*Pro Hac Vice Application Pending*)

ATTORNEYS FOR PLAINTIFFS
UBS FINANCIAL SERVICES INC.
AND UBS BANK USA